WALTER S. SPAULDING, and another,

*vs.*

HANOVER S. NICKERSON.

Somerset.    Opinion January 4, 1898.

*Writ.    Trial Justice.    Officer.    R. S., c. 83, § 32.*

It is provided by statute in this state, that no trial justice shall hear or determine any civil action commenced by himself; and every action so commenced shall abate. R. S., c. 83, § 32.

In an action of trover against a constable for attaching the plaintiffs' goods, the officer justified under a writ issued by a trial justice and proof that on the return day of the writ the suit was settled and that the goods were released and turned over to the debtor. The plaintiff in this action claimed that the writ was void under the statute because it was made by the trial justice before whom the action was commenced; and also denied that the officer had the writ in his possession at the time he took the goods. Upon this last issue, the jury made a special finding in favor of the plaintiffs and returned a general verdict in their favor. On motion of the defendant to have the verdict set aside as against evidence, *the court holds;* that the case does not present an exigency which justifies a new trial. Among other reasons sustaining this conclusion the court observes that the plaintiff in the trial justice writ testifies that he did not make out the bill attached to that writ until the month following the attachment; and that he was present at the time of the seizure of the goods by the constable and knew that the goods were not taken on his writ.

ON MOTION BY DEFENDANT.

The case appears in the opinion.

Besides the facts stated in the opinion, it appeared that the defendant claimed that the parties in the trial justice writ settled before the return day and the debtor agreed to take and move his goods from the store, the rent for which was, as the defendant claimed, the cause of action set forth in the writ. Thereupon the defendant claimed that this settlement by the plaintiffs was a waiver of any action they might have against the defendant for attaching their goods, even if the defendant constable did not have in his possession the writ in question when he seized the goods.

The plaintiffs, on the other hand, urged that if the goods had been properly taken upon such a writ, they had nothing to waive; and further that as a waiver to be effectual must be based on a full knowledge of all the facts, there could be no waiver here, because the plaintiffs did not know until after the settlement that the writ was made by the trial justice before whom the action was commenced.

*J. W. Manson and G. H. Morse,* for plaintiffs.
*Forrest Goodwin,* for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WIS-
WELL, SAVAGE, JJ.

WHITEHOUSE, J. This was an action of trover brought by the plaintiffs Spaulding and Thompson, part owners of certain goods, for the alleged conversion of them by the defendant.

The defendant pleaded the general issue with a brief statement of three special matters of defense, viz:

1st. That the defendant was a constable and attached the goods on a writ dated October 9, 1895, issued by a trial justice in favor of one Connor for rent of the store and against the plaintiff Spaulding, returnable December 7, and that on the return day the suit was settled, the goods released from attachment and turned over to Spaulding.

2nd. The defendant justified under an execution issued against the plaintiff, Thompson, in 1894.

3rd. The defendant claimed that when he attached the goods on the writ in favor of Connor, Spaulding told him to hold the goods until Connor got his rent.

But the justification under the old execution against Thompson appears to have been abandoned, and the ground of defense mainly relied upon at the trial was the alleged attachment of the goods on the Connor writ.

It appeared that this writ was made by the trial justice before whom it was returnable, and the statute (R. S., c. 83, § 32,) declares

that "every action so commenced shall abate." The plaintiffs accordingly argued that even if the defendant held the Connor writ at the time of the seizure of the goods, it would afford him no protection; but contended, as a matter of fact, that it was not issued until November of that year, more than a month after the seizure was made. Upon this issue of fact, the jury made a special finding that the defendant did not hold the trial justice writ in favor of Connor, at the time he took possession and control of the goods, and returned a general verdict in favor of the plaintiffs. The defendant moves to have the verdict set aside as against the evidence.

Upon the principal issue of fact submitted to the jury the testimony was sharply conflicting and all efforts to reconcile it are attended with difficulty, but after a careful examination of all the evidence and the arguments of counsel, it is the opinion of the court that the case does not present an exigency which justifies a new trial. Connor, the plaintiff in the trial justice writ, testifies that he did not make out the bill attached to that writ until November, that he was present at the time of the seizure of the goods by the defendant, and knew that the goods were not taken on his writ because it had not been made. The plaintiffs both testify that, at the time of the seizure, the defendant stated that he was taking the goods on the old execution against Thompson and never made any mention of the Connor writ until long afterward. On the other hand the trial justice who made and issued the writ, testifies that it was made on the day it bears date, October 9, and the defendant testifies that he had the writ in his possession on that day and took possession of the goods by virtue of an attachment on it. They are corroborated to some extent by Mr. Hovey who states that on the day of the seizure, or the day the goods were moved out, Connor came to his office to have a writ made on his bill for rent, but that he declined to make it and did not personally know when it was made.

But the result reached by the jury did not necessarily require them to believe that the Connor writ was ante-dated, for there was sufficient evidence to authorize them to find that the defendant

took possession and assumed control of the goods on the seventh day of October, two days before the date of the Connor writ.

The defendant's evidence tending to show a final settlement of the entire controversy and a waiver on the part of the plaintiffs of any wrong doing by the defendant in taking the goods without authority, is not so clear and definite, and when compared with the plaintiffs' evidence, is not so conclusive as to warrant the court in disturbing the verdict on that ground.

*Motion overruled.*